UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUDOLPH PRESTON MAES, | ) | NO. CV 09-1617-CJC (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| K. HARRINGTON, | ) | ORDER TO SHOW CAUSE RE: PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) | |

On March 9, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **April 23, 2009**, why this Court should not recommend dismissal with prejudice based on lack of subject matter jurisdiction and expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

According to the Petition, Petitioner was convicted of assault and sentenced to 9 years in state prison on December 29, 1996. (Petition at 2.) On

July 23, 1997, the California Court of Appeal affirmed the judgment. (*Id.* at 2-3; California court online docket Case No. B104765.) The Petition indicates no petition for review was filed. (Petition at 3.) However, the California Supreme Court denied a petition for review on November 12, 1997. (*People v. Maes*, Case No. S064143, 1997 Cal. LEXIS 7762 (1997).

Although the Petition states that Petitioner previously filed a state habeas petition challenging the conviction (Petition at 3), Petitioner does not provide any information about any state habeas petition. There are no state habeas petitions on the California courts' online docket.

Petitioner did not sign the Petition in this court. The Petition is missing pages 4 and 8 (the signature page). Petitioner raises a single ground for relief. (*Id.* at 5.)

## II.

## **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. **The Date on Which Conviction Became Final**

The Petition states that Petitioner was convicted and sentenced on December 29, 1996. (Petition at 2.) The California Supreme Court denied a petition for review on November 12, 1997. *People v. Maes*, Case No. S064143, 1997 Cal. LEXIS 7762 (1997). Therefore, his conviction became final 90 days

later on February 10, 1998. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Accordingly, the one-year statute of limitations expired no later than February 10, 1999. Petitioner did not sign his Petition. However, it was received in this court on March 5, 2009. The Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner does not provide any information as to any state habeas petition he filed. The court has not located any state habeas petitions by Petitioner on the California courts' online docket. Therefore, there is no basis in the Petition for statutory tolling.

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

**B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

Ground One appears to be based, at least in part, on ineffective assistance of counsel. (Petition at 5.) "I was misrepresented in the state of California in Santa Barbara County." (*Id.*) Petitioner argues that he pleaded not guilty by reason of insanity, yet "the judge illegally prosecuted me by finding me guilty." (*Id.*)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the

1  factual predicate for a claim that his counsel's performance was deficient, or on
2  the date a petitioner discovered (or could have discovered) the factual predicate
3  for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th
4  Cir. 2001). Therefore, the statute of limitations begins to run on "the date on
5  which the factual predicate of the claim or claims presented could have been
6  discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

7  "'Time begins when the prisoner knows (or through diligence could
8  discover) the important facts, not when the prisoner recognizes their legal
9  significance.'" *Hasan*, 254 F.3d at 1154 n.3 (citation omitted).

10 Here, Petitioner does not identify anything that his counsel did wrong and
11 complains that he was found guilty.  Petitioner knew the factual predicate of his
12 claim no later than the date his conviction became final.  The Petition remains
13 time-barred.

### III.

### UNSIGNED PETITION

Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that Petitioner sign his Petition.  The Clerk is directed to provide Petitioner with a copy of the Petition.  Petitioner must sign page 8 and return the Petition on or before April 23, 2009.  In addition, if Petitioner has the missing page 4, he should submit that page at the same time.

### IV.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **April 23, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations.  Petitioner's response must explain why his Petition is not barred by the statute of limitations.

///

1  In addition, Petitioner must sign and return the Petition on or before **April 23, 2009** and submit missing pages 4 and 8 if he has them.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: March 25, 2009

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge